IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| CONTINENTAL AIRLINES, INC., *et al.* | ) | Case No. 90-932 & 90-933 (MFW) |
| | ) | Jointly Administered |
| Debtor. | ) | |

-------------------------------------------------------------x

| | | |
|---|---|---|
| RAMON E. O'NEILL | ) | Civil Action No. 06-568 (SLR) |
| BROWNIE N. INMAN | ) | Civil Action No. 06-569 (SLR) |
| J. TRIGG ADAMS | ) | Civil Action No. 06-570 (SLR) |
| Appellants, | ) | |
| v. | ) | |
| CONTINENTAL AIRLINES, INC., *et al.* | ) | **Objections due:  October 2, 2006** |
| Appellees, | ) | |

-------------------------------------------------------------x

**APPELLEE'S (I) MOTION FOR AN ORDER EXCUSING THE PARTIES FROM THE MEDIATION REQUIREMENTS OF THIS COURT'S JULY 23, 2004 STANDING ORDER, AND (II) UNOPPOSED MOTION FOR AN ORDER CONSOLIDATING THE APPEALS FOR BRIEFING, ARGUMENT AND MOTION PRACTICE**

Continental Airlines, Inc. ("Continental"), as an appellee herein, hereby moves

this Court to (i) excuse the parties from the obligation to mediate these appeals pursuant to this

Court's Standing Order dated July 23, 2004 (the "Standing Order"), and (ii) consolidate these

appeals for purposes of briefing, motion practice and argument.  In support of the Motion,

Continental respectfully states as follows:

1.      On August 1, 2006, appellants O'Neill and Inman and on August 3, 2006, appellant Adams filed these appeals (collectively, the "Appeals") from the July 26, 2006 order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") denying the appellants' virtually identical motions to reopen Continental's closed bankruptcy cases for the purpose of recommencing litigation.

2.      The Appeals were docketed in this Court on or about September 13, 2006.

3.      On or about September 15, 2006, Kevin F. Brady, Esquire of Connolly Bove Lodge & Hutz LLP was appointed to mediate the Appeals in accordance with this Court's Standing Order.  As the Court is aware, the Standing Order mandates mediation of all appeals to this Court from the Bankruptcy Court.

4.      By letter dated September 15, 2006, Mr. Brady requested that the parties mediate the Appeals during the week of October 2, 2006.

5.      By letter dated September 19, 2006, undersigned counsel to Continental advised Mr. Brady that the instant motion requesting to be excused from the requirements of the Standing Order would be filed in short order.

### REQUEST TO BE EXCUSED FROM MANDATORY MEDIATION

6.      The issue raised by the appellants in the Appeals involves the membership of the class of plaintiffs in the underlying class-action adversary proceeding styled *Baldridge v. Continental Airlines Holdings, Inc., et al. (In re Continental Airlines, Inc.)*, Ch. 11 Case No. 90-932, Adv. No. 99-412 (Bankr. D. Del. 1999) (the "Baldridge Action").[1]  Specifically,

---

[1] The Court may recall that it previously denied all three Appellants' appeals of the settlement order that concluded the Baldridge Action.  *See Adams v. Baldridge*, C.A. No. 02-484 (D. Del. March 31, 2003) *rehearing denied*, April 28, 2003 (characterizing appellant Adams' first appeal as "legally incorrect," "untenable" and "moot"); *O'Neill v. Baldridge*, C.A. No. 02-375 & 02-479 (D. Del. March 31, 2003) *rehearing denied*, April 28, 2003 (same); *Inman v. Baldridge*, C.A. No. 02-399 & 02-490 (D. Del. March 31, 2003) (same, and also finding appellant Inman's appeal untimely).

the issue raised by the appellants is the purported underinclusiveness of the plaintiffs' class in

the Baldridge Action.

    7.   Appellants Adams and O'Neill have already appealed and lost this very

issue. Addressing this issue in Appellant O'Neill's first appeal, the United States Court of

Appeals for the Third Circuit opined as follows:

> [Mr. O'Neill] argues that Continental perpetrated a fraud on the court by
> failing to disclose the "Ross arbitration," whereby former People Express
> pilots, some of whom were on Eastern's pilot seniority list, were
> integrated into Continental's work force, while all other Eastern pilots
> were precluded from a specific performance award. O'Neill appears to
> argue that due to this new evidence, *Continental I* should be overturned.
>
>             \* \* \*
>
> O'Neill did object to the class certification at the hearing, but he only
> objected to the extent that he felt the class was underinclusive, as it failed
> to include certain pilots…O'Neill appears to argue that the former Peoples
> Express pilots should be members of the present class; and if they were, he
> would be entitled to a specific performance award so that all class
> members would be treated equally. O'Neill has not represented that he
> was a former Peoples Express pilot. Thus, he is not entitled to the same
> treatment as those pilots. Further, his argument fails as this Court has
> already limited class members' relief to money damages…To the extent
> O'Neill argues that other pilots were missing from the class list, the
> settlement, as approved by the Bankruptcy Court on January 31, 2002,
> included a clause which allowed other class members who met the
> definitions to file a claim by April 3, 2002. Thus, this objection to the
> class certification was remedied by the Bankruptcy Court.

*O'Neill v. Baldridge*, Case No. 03-2374 & 03-2375, slip op. at 4-5, 7-8 (3d Cir. March 5, 2004)

(footnote omitted), a copy of which is annexed hereto as Exhibit A.

8.    Similarly, in Mr. Adams' previous appeal of this issue, the Circuit Court

stated:

> Adams' objection to the class certification was based on his contention
> that the class was underinclusive. However, the settlement, as approved
> by the Bankruptcy Court on January 31, 2002, included a clause which
> allowed other class members who met the definitions to file a claim by
> April 3, 2002. Thus, his only objections to the class certification were
> remedied by the Bankruptcy Court.

*Adams v. Baldridge*, Case No. 03-2376, slip op. at 6-7 (3d Cir. March 5, 2004), a copy of which

is attached hereto as Exhibit B.

9.    In light of the previous adjudication of the issues raised in the Appeals in

Continental's favor, Continental submits that mediation would not assist the parties in

reaching a resolution. Therefore, Continental requests that the parties be excused from the

obligation to mediate the Appeals in accordance with the Standing Order.

## UNOPPOSED REQUEST TO CONSOLIDATE THE APPEALS

10.    Since the Appeals seek relief from the same order and involve identical

facts, Continental also requests that the Appeals be consolidated for briefing, motion practice

and argument purposes under Civil Action No. 06-568. Consolidating the appeals in the

manner requested will streamline the Court's adjudication of the Appeals and is, therefore,

judicially economical.

11.    On September 18, 2006, counsel for Continental confirmed with

appellants O'Neill and Inman that they consent to consolidating the Appeals. On September

20, 2006, counsel for Continental confirmed that appellant Adams consents to consolidating

the Appeals. Accordingly, Continental's request to consolidate the Appeals is unopposed.

WHEREFORE, Continental respectfully requests that the Court enter an Order in the form attached hereto (i) excusing the parties from the mediation requirements of the Standing Order, (ii) consolidating the Appeals under Civil Action No. 06-568 for briefing, motion practice and argument purposes; and (iii) granting such other and further relief as may be just and proper under the circumstances.

Dated: September 21, 2006  
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Robert S. Brady (Del. Bar No. 2847)  
Joseph M. Barry (Del. Bar No. 4221)  
The Brandywine Building  
1000 West Street, 17th Floor  
P.O. Box 391  
Wilmington, DE  19899-0391  
(302) 571-6600

Counsel to Continental Airlines, Inc.

# **Exhibit A**

**UNREPORTED- NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

FILED

2006 MAR 10 PM 1:22

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

NO. 03-2374 and 03-2375

---

IN RE: CONTINENTAL AIRLINES INC., ET AL,

Debtor

RAMON E. O'NEILL

v.

JAMES BALDRIDGE; WILLIAM MANN; LARRY DUNN, individually
and as representatives of a class of persons similarly
situated who are referred to as LLP CLAIMANTS

UNITED STATES TRUSTEE

Ramon E. O'Neill,

Appellant

---

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. Nos. 02-CV-00375 and 02-CV-00479)
District Judge: Honorable Sue L. Robinson

---

Submitted Under Third Circuit LAR 34.1(a)

March 5, 2004

Before:   Sloviter, Nygaard, and Chertoff, Circuit Judges.

(Filed March 9, 2004 )

---

OPINION

---

PER CURIAM

Ramon O'Neill, a pilot formerly employed by Eastern Airlines, Inc., appeals from an order of the United States District Court for the District of Delaware, affirming the final judgment and order of dismissal of an adversary proceeding in the Continental Airlines, Inc. bankruptcy. We will affirm.

As we write for the parties, we need not set forth the complete procedural and factual history of the case. The history is set forth in detail in In re Continental Airlines, 125 F.3d 120, 124-28 (3d Cir. 1997) ("Continental I"). In that case, we held that the question of whether there had been a "merger" between Continental and Eastern under the terms of the collective bargaining agreement, and thus whether LPP Claimants[1] had standing to maintain an individual claim for seniority integration was a matter for arbitration, and that the District Court properly vacated an injunction against arbitration.

---

[1] "'LPP Claimants' refers to a group of former Eastern pilots [including O'Neill] whose claims in this appeal are based on certain 'labor protective provisions' (LPPs) contained in the collective bargaining agreement." Continental I, 125 F.3d at 124 n.1.

Continental I, 125 F.3d at 130, 137-38. We also held that "any claim based on an award of seniority integration arising out of the resolution of the LPP dispute will be treated as a claim in bankruptcy giving rise to a right of payment." Id. at 136.

Following Continental I, Continental took the position that any seniority integration right acknowledged in arbitration would be subject to the limitations of Bankruptcy Code Section 502(b)(7), 11 U.S.C. § 502(b)(7), and would thus be limited to one year's back pay based on Continental's pay structure as of January 1991. An attorney for the LPP claimants agreed to bring a declaratory judgment action in the Bankruptcy Court to determine whether § 502(b)(7) applied, and requested class certification for the action. The Bankruptcy Court certified the class under Fed. R. Civ. P. Rule 23(b)(2), and later determined that § 502(b)(7) applied. Based on that finding, the LPP claimants agreed to settle with Continental, with each class member to receive a prepetition general unsecured claim in the amount of $110,000.[2] Continental represented that this amount would be substantially more than the claimants would receive under § 502(b)(7)'s one-year cap.

On January 31, 2002, the Bankruptcy Court held a hearing on a petition to approve the settlement. O'Neill was the sole class member to appear at the hearing to object to the settlement terms. The Bankruptcy Court approved the settlement, finding it to be "in all

---

[2] Although the Class initially appealed the declaratory judgment decision, following settlement, a stipulation for dismissal of the appeal was filed on February 19, 2002 and approved by the District Court on February 20, 2002.

respects, fair, reasonable and adequate to the Class." Appellees' App. at 223.  Without
seeking a stay of the implementation of the settlement order, O'Neill appealed to the
District Court.  The appeal was docketed in the District Court at 02-CV-00375 ("the
Settlement Order appeal").  On March 6, 2002, Continental filed a motion to compel
O'Neill to comply with the settlement order.  The Bankruptcy Court entered an order
granting the motion on May 2, 2002.  O'Neill's appeal from that order was docketed in
the District Court at 02-CV-00479 (the "Compliance Order appeal").

        After motions and briefs were filed in the District Court, the Court entered an
order on April 1, 2003, captioned with both district court docket numbers, which affirmed
the Bankruptcy Court's settlement order, found the Settlement Order appeal moot, and
granted the appellees' motions to dismiss.  The Court also held that the Compliance Order
appeal was mooted by the resolution of the Settlement Order appeal.  This timely appeal
followed.[3]

        O'Neill's appeal appears to raise three main points.  First, he argues that
Continental perpetrated a fraud on the court by failing to disclose the "Ross arbitration,"
whereby former People Express pilots, some of whom were on Eastern's pilot seniority
list, were integrated into Continental's work force, while all other Eastern pilots were
precluded from a specific performance award.  O'Neill appears to argue that due to this

---

[3] On the same day that O'Neill filed his Notice of Appeal, the District Court denied his
request for rehearing en banc.  Although O'Neill's Notice of Appeal does not mention
this order, to the extent that he intended to appeal that order, we hold that the District
Court did not abuse its discretion in denying the motion for rehearing.

new evidence, Continental I should be overturned. Second, O'Neill argues that the settlement was not fair, as the $110,000 does not cover his last year's compensation. Third, O'Neill argues that his right to arbitration was not extinguished by the settlement. In the course of these arguments, O'Neill seems to argue that he was not properly represented by class counsel.

Continental argues (and the class representative appellees make similar arguments) that O'Neill cannot argue that there is any basis for relief on appeal because he failed to appeal the Bankruptcy Court's order granting class certification, and he failed to appeal the Bankruptcy Court's order finding that any claim would be capped by Bankruptcy Code § 502(b)(7). The appellees also agree that O'Neill's appeal is moot.

We turn first to the issue of mootness, because, if a case is constitutionally moot, we lack power to hear it. United Artists Theatre Co. v. Walton, 315 F.3d 217, 226 (3d Cir. 2003). A case is constitutionally moot only if the court cannot fashion any form of meaningful relief. In re Continental Airlines, Inc., 91 F.3d 553, 558 (3d Cir. 1996) (en banc), cert. denied, 519 U.S. 1057 (1997). We do not find the case to be constitutionally moot. If we were to find that the settlement in this case was unfair to the class, we cannot say that there would be no possible relief for the Appellant.

The District Court's holding that O'Neill's appeal was moot may refer to equitable mootness; a doctrine which "prevents a court from unscrambling complex bankruptcy reorganizations when the appealing party should have acted before the plan became

5

extremely difficult to retract." <u>Nordhoff Investments, Inc. v. Zenith Electronics Corp.</u>, 258 F.3d 180, 185 (3d Cir. 2001).[4] The equitable mootness inquiry "is a more limited inquiry into whether, though we have the power to hear a case, the equities weigh against upsetting a bankruptcy plan that has already been confirmed." <u>United Artists</u>, 315 F.3d at 226. Particularly significant here is the fact that O'Neill did not obtain a stay of the settlement confirmation. <u>See</u> <u>In re Chateaugay Corp.</u>, 988 F.2d 322, 325 (2d Cir.1993) (party who appeals without protection of stay does so at his own risk). However, we decline to engage in a complete analysis of whether the appeal is equitably moot. Rather, we will, like the District Court, affirm the Settlement Order on the merits.

We review a district court's decision to approve a proposed settlement of a class action for an abuse of discretion. <u>Girsh v. Jepson</u>, 521 F.2d 153, 156 (3d Cir. 1975). We likewise review a court's grant of class certification under an abuse of discretion standard. <u>Newton v. Merrill Lynch, Pierce, Fenner & Smith</u>, 259 F.3d 154, 165-66 (3d Cir. 2001). Appellees argue that O'Neill cannot challenge the class certification, as he

---

[4] To determine whether an appeal is equitably moot, the court examines five factors:

    (1) whether the reorganization plan has been substantially consummated,
    (2) whether a stay has been obtained,
    (3) whether the relief requested would affect the rights of the parties not before the court,
    (4) whether the relief requested would affect the success of the plan, and
    (5) the public policy of affording finality to bankruptcy judgments.

<u>In re: Continental Airlines, Inc.</u>, 91 F.3d at 560.

6

did not file an appeal of the order certifying the class. However, we hold that to the extent he objected to the class certification at the settlement hearing, he preserved his right to object to the certification on appeal. In re Integra Realty Resources, Inc., 354 F.3d 1246, 1261-62 (10th Cir. 2004).

O'Neill did object to the class certification at the hearing, but he only objected to the extent that he felt the class was underinclusive, as it failed to include certain pilots, including those pilots who were parties to the Ross arbitration. This is related to O'Neill's first major point: that this Court should overturn Continental I and the settlement agreement because Continental failed to disclose the Ross arbitration in its bankruptcy.[5] The Bankruptcy Court noted that the Ross arbitration decision dealt with former Peoples Express pilots; and, while they may have been Eastern pilots at some point, the arbitration award was based on the Peoples Express merger. Appellees' App. at 177. O'Neill appears to argue that the former Peoples Express pilots should be members of the present class; and that if they were, he would be entitled to a specific performance award so that all class members would be treated equally. O'Neill has not represented that he was a former Peoples Express pilot. Thus, he is not entitled to the same treatment as those pilots. Further, his argument fails as this Court has already limited class members' relief to money damages. Continental I, 125 F.3d at 136.

---

[5] Continental declined to discuss this issue in its brief "because matters relating to the so-called 'Ross Arbitration' are not contained in the record on appeal . . . ." Brief at 14. We note that the Ross arbitration was discussed at length in the settlement fairness hearing, and thus find that it is the proper subject of appeal.

To the extent that O'Neill argued that other pilots were missing from the class list, the settlement, as approved by the Bankruptcy Court on January 31, 2002, included a clause which allowed other class members who met the definitions to file a claim by April 3, 2002. Thus, this objection to the class certification was remedied by the Bankruptcy Court.

O'Neill's second argument is that the settlement is not fair. Given our previous holding that any claim based on an award of seniority integration would be satisfied by a monetary claim in bankruptcy, the Bankruptcy Court's holding that any such claim would be limited to one-year's salary pursuant to § 502(b)(7),[6] and the fact that the settlement provided two to three and one-half times the one-year cap for every class member, we hold that the Bankruptcy Court did not abuse its discretion in finding that the settlement was fair. O'Neill argues on appeal that the $110,000 settlement amount does not cover his last year's compensation. O'Neill argument appears to be based on his salary at Eastern, rather than what his salary would have been at Continental. As class counsel pointed out at the fairness hearing, even if an arbitrator found that O'Neill's seniority had been preserved through the LPPs, his position would have been subject to Continental's pay structure. Appellees' App. at 185. O'Neill conceded in the fairness hearing that the maximum Continental salary was $64,000. Appellees' App. at 187. Thus, the $110,000

---

[6] As Appellees note, we cannot reach the merits of whether the Bankruptcy Court correctly found that § 502(b)(7) applied, as no party preserved a timely appeal to that final decision.

exceeds any amount he could have recovered in arbitration, as the amount would be subject to the cap of § 502(b)(7).

Finally, O'Neill argues that his right to arbitration survives the settlement. We disagree. If O'Neill were to return to arbitration, the arbitrator might recognize his right to seniority integration under the LPPs. However, any amount awarded by the arbitrator would be subject to § 502(b)(7)'s cap and would be less than he can recover under the settlement. Any relief awarded by the arbitrator would be meaningless; thus, O'Neill's right to arbitration has been mooted by the settlement.

For the foregoing reasons, we will affirm.

OFFICE OF THE CLERK

### UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Marcia M. Waldron
Clerk

21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Telephone
267-299-4918

www.ca3.uscourts.gov

3/9/04

Clerk, United States Bankruptcy Court
Marine Midland Plaza
824 Market Street
Wilmington, DE 19801

RE: Docket Nos. 03-2374 & 03-2375
In Re: Cont Airlines
District Court Civil No. 02-cv-00375 & 03-cv-00479

Enclosed herewith is a copy of the decision filed today in the
above-entitled case.  The Court's mandate will issue in due course.

Very truly yours,
MARCIA M. WALDRON
Clerk

By:  Phyllis Ruffin
Case Manager

Enclosure

# **Exhibit B**

**UNREPORTED- NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-2376

---

IN RE: CONTINENTAL AIRLINES INC. ET AL,

Debtor

J. TRIGG ADAMS

v.

JAMES BALDRIDGE; WILLIAM MANN; LARRY DUNN, individually
and as representatives of a class of persons similarly
situated who are referred to as LLP CLAIMANTS

UNITED STATES TRUSTEE

J. Trigg Adams,
Appellant

---

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 02-CV-00484)
District Judge: Honorable Sue L. Robinson

---

Submitted Under Third Circuit LAR 34.1(a)

March 5, 2004

Before:   Sloviter, Nygaard, and Chertoff, Circuit Judges.

(Filed March 17, 2004 )

---

OPINION

---

PER CURIAM

    J. Trigg Adams, a pilot formerly employed by Eastern Airlines, Inc., appeals from an order of the United States District Court for the District of Delaware, affirming the final judgment and order of dismissal of an adversary proceeding in the Continental Airlines, Inc. bankruptcy.  We will affirm.

    As we write for the parties, we need not set forth the complete procedural and factual history of the case.  The history is set forth in detail in In re Continental Airlines, 125 F.3d 120, 124-28 (3d Cir. 1997) ("Continental I").  In that case, we held that the question of whether there had been a "merger" between Continental and Eastern under the terms of the collective bargaining agreement, and thus whether LPP Claimants[1] had standing to maintain an individual claim for seniority integration was a matter for arbitration, and that the District Court properly vacated an injunction against arbitration. Continental I, 125 F.3d at 130, 137-38.  We also held that "any claim based on an award

---

    [1] "'LPP Claimants' refers to a group of former Eastern pilots [including Adams] whose claims in this appeal are based on certain 'labor protective provisions' (LPPs) contained in the collective bargaining agreement." Continental I, 125 F.3d at 124 n.1.

of seniority integration arising out of the resolution of the LPP dispute will be treated as a claim in bankruptcy giving rise to a right of payment." Id. at 136.

Following Continental I, Continental took the position that any seniority integration right acknowledged in arbitration would be subject to the limitations of Bankruptcy Code Section 502(b)(7), 11 U.S.C. § 502(b)(7), and would thus be limited to one year's back pay based on Continental's pay structure as of January 1991. An attorney for the LPP claimants agreed to bring a declaratory judgment action in the Bankruptcy Court to determine whether § 502(b)(7) applied, and requested class certification for the action. On February 3, 2000, the Bankruptcy Court certified the class under Fed. R. Civ. P. Rule 23(b)(2), and it later determined that § 502(b)(7) applied. Based on that finding, the LPP claimants agreed to settle with Continental, with each class member to receive a prepetition general unsecured claim in the amount of $110,000.[2] Continental represented that this amount would be substantially more than the claimants would receive under § 502(b)(7)'s one-year cap.

In November of 2001, Adams filed an objection to a proposed amendment of the order granting class certification, and an objection to the plaintiffs' motion for preliminary approval of the proposed settlement. On January 31, 2002, the Bankruptcy Court held a hearing on the petition to approve the settlement. The Bankruptcy Court

---

[2] Although the Class initially appealed the declaratory judgment decision, following settlement, a stipulation for dismissal of the appeal was filed on February 19, 2002 and approved by the District Court on February 20, 2002.

3

approved the settlement, finding it to be "in all respects, fair, reasonable and adequate to the Class." Appellees' App. at 223.   Without seeking a stay of the implementation of the settlement order, Adams appealed to the District Court.

After motions and briefs were filed in the District Court, the Court entered an order dated March 31, 2003, which affirmed the Bankruptcy Court's settlement order, found the Settlement Order appeal moot, and granted the appellees' motions to dismiss. This timely appeal followed.[3]

Adams' appeal is based on his contention that Continental perpetrated a fraud on the court by failing to disclose the "Ross arbitration," whereby former People Express pilots, some of whom were on Eastern's pilot seniority list, were integrated into Continental's work force, while all other Eastern pilots were precluded from a specific performance award.  Adams argues that due to this new evidence, Continental I should be overturned.  Adams also argues that his right to arbitration was not extinguished by the settlement.  In the course of these arguments, Adams argues that he was not properly represented by class counsel.

Continental argues (and the class representative appellees make similar arguments) that Adams cannot argue that there is any basis for relief on appeal because he failed to appeal the Bankruptcy Court's order granting class certification, and he failed to appeal

---

[3] One day before Adams filed his Notice of Appeal, the District Court denied his request for rehearing en banc.  Although Adams' Notice of Appeal does not mention this order, he does state his intent to appeal the order in his informal brief.  We hold that the District Court did not abuse its discretion in denying the motion for rehearing.

4

the Bankruptcy Court's order finding that any claim would be capped by Bankruptcy Code § 502(b)(7).  The appellees also agree that Adams' appeal is moot.

We turn first to the issue of mootness, because, if a case is constitutionally moot, we lack power to hear it.  United Artists Theatre Co. v. Walton, 315 F.3d 217, 226 (3d Cir. 2003).  A case is constitutionally moot only if the court cannot fashion any form of meaningful relief.  In re Continental Airlines, Inc., 91 F.3d 553, 558 (3d Cir. 1996) (en banc), cert. denied, 519 U.S. 1057 (1997).  We do not find the case to be constitutionally moot.  If we were to find that the settlement in this case was unfair to the class, we cannot say that there would be no possible relief for the Appellant.

The District Court's holding that Adams' appeal was moot may refer to equitable mootness, a doctrine which "prevents a court from unscrambling complex bankruptcy reorganizations when the appealing party should have acted before the plan became extremely difficult to retract." Nordhoff Investments, Inc. v. Zenith Electronics Corp., 258 F.3d 180, 185 (3d Cir. 2001).[4]  The equitable mootness inquiry "is a more limited

---

[4] To determine whether an appeal is equitably moot, the court examines five factors:

(1) whether the reorganization plan has been substantially consummated,
(2) whether a stay has been obtained,
(3) whether the relief requested would affect the rights of the parties not before the court,
(4) whether the relief requested would affect the success of the plan, and
(5) the public policy of affording finality to bankruptcy judgments.

In re: Continental Airlines, Inc., 91 F.3d at 560.

inquiry into whether, though we have the power to hear a case, the equities weigh against upsetting a bankruptcy plan that has already been confirmed." United Artists, 315 F.3d at 226. Particularly significant here is the fact that Adams did not obtain a stay of the settlement confirmation. See In re Chateaugay Corp., 988 F.2d 322, 325 (2d Cir.1993) (party who appeals without protection of stay does so at his own risk). However, we decline to engage in a complete analysis of whether the appeal is equitably moot. Rather, we will, like the District Court, affirm the Settlement Order on the merits.

We review a district court's decision to approve a proposed settlement of a class action for an abuse of discretion. Girsh v. Jepson, 521 F.2d 153, 156 (3d Cir. 1975). We likewise review a court's grant of class certification under an abuse of discretion standard. Newton v. Merrill Lynch, Pierce, Fenner & Smith, 259 F.3d 154, 165-66 (3d Cir. 2001). Appellees argue that Adams cannot challenge the class certification, as he did not file an appeal of the order certifying the class. However, we hold that to the extent Adams objected to the class certification in the bankruptcy court, he preserved his right to object to the certification on appeal. In re Integra Realty Resources, Inc., 354 F.3d 1246, 1261-62 (10th Cir. 2004).

Adams' objection to the class certification was based on his contention that the class was underinclusive. However, the settlement, as approved by the Bankruptcy Court on January 31, 2002, included a clause which allowed other class members who met the definitions to file a claim by April 3, 2002. Thus, his only objections to the class

certification were remedied by the Bankruptcy Court.

Adams' main argument on appeal is that this Court should overturn <u>Continental I</u> and the settlement agreement because Continental failed to disclose the Ross arbitration in its bankruptcy.[5] The Bankruptcy Court noted that the Ross arbitration decision dealt with former Peoples Express pilots; and, while they may have been Eastern pilots at some point, the award was based on the Peoples Express merger. Appellees' App. at 177. Adams has not represented that he was a former Peoples Express pilot. Thus, he is not entitled to the same treatment as those pilots.

Adams argues that the settlement is not fair, because it ignores his right to arbitration. Given our previous holding that any claim based on an award of seniority integration would be satisfied by a monetary claim in bankruptcy, the Bankruptcy Court's holding that any such claim would be limited to one-year's salary pursuant to § 502(b)(7),[6] and the fact that the settlement provided two to three and one-half times the one-year cap for every class member, we hold that the Bankruptcy Court did not abuse its discretion in finding that the settlement was fair.

Finally, Adams argues that his right to arbitration survives the settlement. We

_____

[5] Continental declined to discuss this issue in its brief "because matters relating to the so-called 'Ross Arbitration' are not contained in the record on appeal . . . ." Brief at 14. We note that the Ross arbitration was discussed at length in the settlement fairness hearing, and thus find that it is the proper subject of appeal.

[6] As Appellees note, we cannot reach the merits of whether the Bankruptcy Court correctly found that § 502(b)(7) applied, as no party preserved a timely appeal to that final decision.

disagree. If Adams were to return to arbitration, the arbitrator might recognize his right to seniority integration under the LPPs. However, any amount awarded by the arbitrator would be subject to § 502(b)(7)'s cap, and would be less than he can recover under the settlement. Any relief awarded by the arbitrator would be meaningless; thus, Adams' right to arbitration has been mooted by the settlement.

   For the foregoing reasons, we will affirm.

OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

Marcia M. Waldron
Clerk

21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Telephone
267-299-4918

www.ca3.uscourts.gov

3/17/04

Clerk, United States Bankruptcy Court
Marine Midland Plaza
824 Market Street
Wilmington, DE 19801

RE: Docket No. 03-2376
    In Re: Cont Airlines
    District Court Civil No. 02-cv--484

    Enclosed herewith is a copy of the decision filed today in the
above-entitled case.   The Court's mandate will issue in due course.

                Very truly yours,
                MARCIA M. WALDRON
                Clerk

By:   Phyllis Ruffin
        Case Manager

Enclosure

FILED

2004 MAR 18 AM 11: 07
U.S. BANKRUPTCY COURT
CLERK
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------x
In re                                                            )         Chapter 11
                                                                 )
CONTINENTAL AIRLINES, INC.,                                      )         Case No. 90-932 & 90-933 (MFW)
*et al.*                                                         )
                                                                 )         Jointly Administered
                                                                 )
                    Debtor.                                      )
-----------------------------------------------------------------x
                                                                 )
RAMON E. O'NEILL                                                 )         Civil Action No. 06-568 (SLR)
                                                                 )
BROWNIE N. INMAN                                                 )         Civil Action No. 06-569 (SLR)
                                                                 )
J. TRIGG ADAMS                                                   )         Civil Action No. 06-570 (SLR)
                                                                 )
                    Appellants,                                  )
                                                                 )
          v.                                                     )
                                                                 )
                                                                 )
CONTINENTAL AIRLINES, INC., *et al.*                             )
                                                                 )
                    Appellees,                                   )
                                                                 )
-----------------------------------------------------------------x

## ORDER (I) EXCUSING THE PARTIES FROM THE MEDIATION REQUIREMENTS OF THIS COURT'S JULY 23, 2004 STANDING ORDER, AND (II) CONSOLIDATING THE APPEALS FOR BRIEFING, MOTION PRACTICE AND ARGUMENT PURPOSES

Upon consideration of Continental Airline, Inc.'s *(I) Motion for an Order*

*Excusing the Parties from the Mediation Requirements of this Court's July 23, 2006 Standing*

*Order, and (II) Unopposed Motion for an Order Consolidating the Appeals for Briefing, Motion*

*Practice and Argument Purposes* (the "Motion"); and it appearing that due and adequate notice

of the Motion having been given under the circumstances; and no opposition appearing thereto or

any such opposition having been considered and overruled by the Court; IT IS HEREBY

ORDERED this _____ day of _____, 2006, that:

      1.    The parties are excused from the mediation requirements of this Court's

July 23, 2004 Standing Order.

      2.    Civil Action Nos. 06-568 through 06-570 (collectively, the "Appeals")

shall be, and hereby are, consolidated under Civil Action No. 06-568 for briefing, motion

practices and argument purposes.

      3.    Any document filed with this Court in connection with the Appeals shall

be filed in Civil Action No. 06-568.

Dated: _____, 2006
         Wilmington, Delaware

                                      _____
                                        Sue L. Robinson
                                        Chief United States District Judge

## CERTIFICATE OF SERVICE

I, Joseph M. Barry, Esquire, hereby certify that I am not less than 18 years of age and that on September 21, 2006, I caused a copy of the attached document to be served on the following parties by Federal Express or Hand Delivery, as indicated:

**VIA FEDERAL EXPRESS**

Mr. Brownie N. Inman, pro se
18905 SW 128 Ct.
Miami, FL 33177

Mr. Ramon E. O'Neill, pro se
7424 SW 129 Ct.
Miami, FL 33183

Mr. J. Trigg Adams, pro se
3824 Park Avenue
Miami, FL 33133

**VIA HAND DELIVERY**

Bruce E. Jameson, Esquire
Prickett Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

Counsel for James Baldridge, *et al.*

Joseph M. Barry (Delaware Bar No. 4221)

Dated: September 21, 2006