IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re ) | Chapter 11 |
| CONTINENTAL AIRLINES, INC., et. al ) | |
| ) | |
| Debtor ) | |
| ) | Case No. 90-932 & 933(MFW) |
| ) | |
| **J. Trigg Adams** ) | Civil Action No. 06-570 (SLR) |
| ) | |
| Appellant ) | |
| v. ) | |
| ) | |
| ) | |
| JAMES BALDRIDGE, WILLIAM MANN ) | |
| and LARRY DUNN. ) | |
| Representatives of the LPP CLAIMANTS, ) | |
| ) | |
| and ) | |
| ) | |
| CONTINENTAL AIRLINES, INC. ) | |
| ) | |
| Appellees, ) | |
| ) | |
| ) | |

MOTION OF OBJECTION FOR AN ORDER EXCUSING THE PARTIES
FROM THE MEDIATION REQUIREMENT OF THIS COURT'S
JULY 23, 2004 STANDING ORDER

1. I, J. Trigg Adams, object to the MOTION FOR AN

ORDER EXCUSING THE PARTIES FROM THE MEDIATION

REQUIREMENT OF THIS COURT'S JULY 23, 2004 STANDING

ORDER for the following reasons:

    A.    This Court's July 23, 2004 order, demands mandatory

mediation procedures shall apply to all appeals to the Bankruptcy Court.

B. Contrary to Continental's representation, I am not re-litigating this case. This Court and the Appellate Court upheld the January 31, 2002 Final Order and Judgment issued by the Bankruptcy Court. I and others petitioned the Bankruptcy Court to reopen the case (No. 99-412) and compel compliance by both parties with the January 31, 2002 Final Order and Judgment.

C. I have steadfastly maintained throughout all the proceedings in this and higher Courts that the Class Representative and Continental have been fraudulently remiss and contradictory in their filings as to the makeup of the pilots affected by this Court's rulings. My objections to these malfeasances have been totally ignored by these Courts, which have ruled only upon the litigation, assuming all documents filed have been true and correct. There has been no investigation of my charges, nor on any similar charges made by other litigants. These are serious charges, supported by documents already filed in this case, and should lead to criminal sanctions being applied to those responsible, and, not least to re-hearing of the issues with accurate information.

1. **18 U.S.C. § 152**.

**§ 152. Concealment of assets; false oaths and claims; bribery**

(2) knowingly and fraudulently makes a false oath or account in or in relation to any case under title 11;

(3) knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, in or in relation to any case under title 11

(8) after the filing of a case under title 11 or in contemplation thereof, knowingly and fraudulently conceals, destroys, mutilates, falsifies, or makes a false entry in any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor; or

(9) after the filing of a case under title 11, knowingly and fraudulently withholds from a custodian, trustee, marshal, or other officer of the court or a United States Trustee entitled to its possession, any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor,
shall be fined under this title, imprisoned not more than 5 years, or both.

**2.    18 U.S.C. § 157**.

**§ 157. Bankruptcy fraud**

A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so—
(1) files a petition under title 11;
(2) files a document in a proceeding under title 11; or
(3) makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11, at any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending under such title,
shall be fined under this title, imprisoned not more than 5 years, or both.

D. The Continental Airlines/Airline Pilots Association (CAL/ALPA)

settlement, before this Class and its attendant litigation were commenced,

refers to the Eastern Pilots Master Seniority list of March 04, 1989. This list contains 3784 names, all of whom were considered by the Railway Labor Act to be a "collective bargaining unit" (CBU), whether members of ALPA or not, because it was an "agency shop". The plaintiffs, for instance, were represented by ALPA, but were not members of ALPA, like hundreds of others. Neither party, despite referring to it often, has ever entered it into evidence, for reasons that are suspect, for it makes perfectly clear the numbers and identities of the "eligible pilots" who are proper claimants in this Court.

Eastern subsequently published another Master List on September 18, 1989, after the strike had commenced, showing 4894 pilots, and subsequently hired two more classes before shutting down, bringing the total to 4903 pilots. By RLA law, and as stipulated by the unrejected CBA, all pilots are represented by ALPA, (the Collective Bargaining Unit). Again, neither CAL nor Class Counsel enters these key documents into the record. Continental has obviously had access to these records all these years. Continental, as the parent company of Eastern, is responsible for all of Eastern pilots' records during the Continental reorganization plan, and had to notify all Eastern pilots of the bar date to file their claims with regard to the LPP (Labor Protective Provisions) claim. This mechanism caused the

filing of over 5000 claims. The affidavit of Edna Smith makes clear that she, as an employee of Continental had full access to it and others, as she states that she identified "over 5000" pilots. Therefore, any statement by Continental to the effect that it was in the dark about how many pilots were left with outstanding claims is a false statement.

The Bankruptcy Court's July 19, 1994 ruling on the CAL/ALPA Settlement was unequivocal in its stating that, "those who objected had the clear recourse of refusing to participate in the Settlement and retaining their claims." No Court has never demanded a clear statement from Continental how many did not participate, despite years of quibbling by Continental and Class Counsel over variations of how many are eligible by whatever strange standards, <u>various lists, or</u> arguments either of them have come up with.

I have never been a party to any group of litigants until I was involuntarily thrown into the LPP Claimant Class by fiat of the Bankruptcy Court, despite my being a claimant by dint of my own personal filing, and the filing by ALPA for all pilots. From personal contacts with the (now deceased) Class Counsel and one of the officers of the litigant group, a representative of the certified Class, I became aware that they were working to exclude some of the pilots listed in the 1990 seniority list, and those I talked with at ALPA made it clear that they wished to exclude those pilots

hired during the strike. That is in direct violation of the Railway Labor Act, which mandates that all members of a CBU be treated absolutely equally, as do the Bankruptcy laws.

Consequently, I felt that the numbers put forth by Continental and the Class under-reported the eligible pilots, and, with others, through this Court, got them to "find" an extra 256 pilots, despite both of them having previously "sworn", "attested", and "certified" earlier they had done due diligence. Still, all Courts remained silent about the "oversight", and did not demand any explanation for it, nor have they answered any of my and others' questions about the propriety of the evidence submitted to it, despite our continuous protestations that the numbers don't add up.

Neither have they answered my further objections that both parties have been remiss in even notifying all those they claim to know about. Throughout the testimony in the Hearing On Motion To Reopen, July 21, 2006, I and others re-asserted evidence that the parties have met the standards of malfeasance in 18 U.S.C., Sects. 152 and 157, and the transcript shows that the Bankruptcy Court again refused to acknowledge our accusations, much less investigate them.

E. Continental's motion to be excused from the mediation mandated by the Bankruptcy Court's July 23, 2004 order rehashes only rulings that have been made regarding the litigation of the issues. It does not address any of <u>my nor others'</u> arguments made as to the accuracy of the number of claimants, nor the claims and evidence put forth in support thereof regarding the malfeasance of Continental and the Class. Yet, despite the reluctance to mediate, Continental has already sent a letter to the mediator, dated September 19, 2006, purporting to be a note to say they will be requesting to be excused from the mediation, but containing argument of the issues. Thus, they have already started the mediation, wanting, as usual, to have it both ways.

This Class was approved as no-opt-out, was to be constituted from all the remaining Eastern pilots who had not yet settled, but the parties have nevertheless improperly and arbitrarily removed names from it, and the Court has ignored protestations from the very beginning that the numbers were bogus.

## CONCLUSION

Although I feel that none of the courts through which I have trudged these past years in this case have properly applied the relevant statutes, the issue I am raising here is one and only one: will this Court uphold the

standard of accuracy and truth to which all parties are sworn? Will the order mandating mediation be upheld?

## PETITION

A.  This Court's July 23, 2004 order, demanding mandatory mediation procedures applicable to all parties be applied to all appeals to this Court from the Bankruptcy Court.

*[signature: J. Trigg Adams]*

J. Trigg Adams
Appellant, *pro se*

October 1, 2006

## CERTIFICATE OF SERVICE

Bruce E. Jameson, Esquire
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
Counsel for LPP Plaintiffs

Joseph M. Barry, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street, 17 Floor
Wilmington, DE 19801
Counsel for Continental Airlines, Inc.,

Mr. Ramon E. O'Neill
7424 SW 129 Ct
Miami, FL 33183
(By hand)

Mr. Brownie Inman
18905 SW 128 Ct.
Miami, FL 33177
(By hand)

I, J. Trigg Adams, certify that I am not less than 18 years of age and that the service of the Motion Of Objection For An Order Excusing The Parties From The Mediation Requirement Of This Court's July 23, 2004 Standing Order, dated October 1, 2006 was made via first class mail unless otherwise indicated on October 2, 2006 upon the parties identified on the above service list.

Under penalty of perjury, I declare that the foregoing is true and correct.

*[signature: J. Trigg Adams]*

J. Trigg Adams
Appellant